IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. CARLOS MUHAMMAD | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 11-7261 |
| | : | |
| SUPERINTENDENT GERALD L. ROZUM, | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY UNKNOWN, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF UNKNOWN | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW** this 6th day of August, 2012, upon careful and independent consideration of the Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody (Document No. 1, filed November 21, 2011), and the record in this case, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, dated May 16, 2012, the Response to Petition for Writ of Habeas Corpus *(nunc pro tunc)* (Amended) to Reconsideration of Non-Dispositive Matters 28 U.S.C. 636(b)(1)(b) [sic] (Document No. 18, filed June 1, 2012), and the Addendum filed by petitioner (Document No. 19, filed June 5, 2012), **IT IS ORDERED** as follows:

  1. The Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, dated May 16, 2012, is **APPROVED** and **ADOPTED** as modified by this Order;

  2. The Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody is **DISMISSED** as untimely filed;

  3. The relief requested in petitioner's Response to Petition for Writ of Habeas Corpus *(nunc pro tunc)* (Amended) to Reconsideration of Non-Dispositive Matters 28 U.S.C. 636(b)(1)(b) [sic], and the Addendum filed by the petitioner, is **DENIED**;

  4. Petitioner's Motion to Dismiss the Request of Extension of Time in Part (Document No. 7, filed January 12, 2012) is **DENIED**; and,

  5. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

  The decision of the Court is based on the following:

  This Court approves and adopts the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, dated May 16, 2012, with one exception. This brief explanation addresses only that exception and the documents petitioner filed after the Report and Recommendation was issued.

  The issues raised in the documents filed by the petitioner after the issuance of the Report and Recommendation - the Response to Petition for Writ of Habeas Corpus (n*unc pro tunc)* (Amended) to Reconsideration of Non-Dispositive Matters 28 U.S.C. 636(b)(1)(b) [sic], and the Addendum - address issues relating to equitable tolling. All such issues were addressed by Magistrate Judge Caracappa in her Report and Recommendation. This Court agrees with that analysis with one exception; Magistrate Judge Caracappa states at page 9 of the Report and Recommendation that "We agree that the appeals process concerning petitioner's revocation of parole and recommitment concluded in 2011." That is an incorrect statement. As Magistrate Judge Caracappa correctly stated at page 7 of the Report and Recommendation, the appeals process ended on August 12, 2010, the date on which the Pennsylvania Supreme Court denied *allocatur*. Thus, again as correctly stated by Magistrate Judge Caracappa, petitioner's *habeas*

limitations expired on August 12, 2011.  Petitioner did not file the Petition until several months thereafter, and thus it was untimely.

It is correct that petitioner continued to pursue reparole several times in 2010 and 2011, and the Pennsylvania Board of Probation and Parole continued to deny parole in those years. That, however, does not affect the running of the statute of limitations and does not provide a basis for equitable tolling.

          **BY THE COURT:**

          /s/ **Jan E. DuBois**
          _____
              **JAN E. DUBOIS, J.**